Michael James Cronen, Cal. State Bar No. 131087
ZIMMERMAN & CRONEN
2930 Camino Diablo, Suite 100-C
Walnut Creek, CA  94597-3986
Telephone:  (510) 465-0828
Facsimile:   (510) 465-2041
E-Mail:  mcronen@zimpatent.com

Attorneys for Plaintiff
Nulaid Foods, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Nulaid Foods, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Crystal Farms Refrigerated Distribution Company <br><br> Defendant. | Case No: <br><br> COMPLAINT FOR INFRINGEMENT OF REGISTERED TRADEMARK; FALSE DESIGNATION OF ORIGIN; UNFAIR COMPETITION; INJUNCTION; DAMAGES, PUNITIVE DAMAGES; COSTS; AND ATTORNEYS FEES <br><br> JURY TRIAL DEMANDED |

Plaintiff, Nulaid Foods, Inc. ("Nulaid" or "Plaintiff") for its Complaint against Defendant, Crystal Farms Refrigerated Distribution Company ("Crystal Farms" or "Defendant"), alleges the following:

**THE PARTIES**

1. Plaintiff is a California corporation having a principal place of business in Ripon, California.

2. Upon information and belief, Defendant is a Minnesota corporation having a principal place of business in Minnetonka, Minnesota.

Complaint                                    1

## JURISDICTION AND VENUE

3.      Plaintiff's claims are brought under the Trademark Laws of the United States, Title 15 U.S.C. §1051 et seq., and under state statutory and/or common law as hereinafter set forth.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1338 in that this case arises under the Trademark Act of 1946 (known as the Lanham Act), 15 U.S.C. §1051 et seq.

4.      The court has jurisdiction over all state statutory and common law claims in this matter pursuant to 28 U.S.C. §1367 (Supplemental Jurisdiction) and/or the principals of supplemental jurisdiction.

5.      Venue is proper in this court under 28 U.S.C. §1391 as the judicial district in which the Defendant promoted, offered for sale, sold, shipped and otherwise marketed its accused products, and in which Defendant resides, does business, and in which the claims arose or a substantial amount of the property that is the subject of the action is situated.

## FIRST CAUSE OF ACTION
### (Infringement of Federally Registered Trademark)

6.  Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

7.  This is a cause of action for violations of Section 32 of the Lanham Act, 15 U.S.C. §1114.

8.   For over fifty (50) years, Plaintiff has marketed and sold eggs and egg products, including whole eggs and processed egg products, such as egg whites and liquid or frozen mixtures of egg whites and yolks.  Plaintiff sells its products to the general consuming public in supermarkets, club stores, and other retail businesses, in the United States and internationally.

9.  Nulaid is the registered owner of United States Trademark Registration No. 1,748,680 for REDDI-EGG® in International Class 29, for "egg product consisting of frozen or liquid mixture of egg whites and egg yolks".   This registration issued in 1993; however Plaintiff began using the mark over 50  years ago, in May, 1966.

Complaint                                          2

10. Plaintiff's REDDI-EGG® trademark is widely known to the consuming public as indicating the source of Plaintiff's products of the highest quality and distinguishing Plaintiff's products from the products of its competitors in the marketplace.

11. Plaintiff's REDDI-EGG® trademark registration has been renewed, is currently in full effect and, based upon many years of continuous use, it has achieved incontestable status under U.S. Trademark Law.

12. Plaintiff's Trademark Registration No. 1,748,680 for REDDI-EGG® is "incontestable" under Section 15 of the Lanham Act, 15 U.S.C. §1065.

13. The incontestable status of Nulaid's REDDI-EGG® trademark provides "conclusive evidence" of Nulaid's "exclusive right to use [its] registered mark" for the goods specified in its registration.  15 U.S.C. §1115(b).

14. Plaintiff uses its registered trademark, REDDI-EGG®, throughout the United States, including within this judicial district, through its extensive marketing, sales and advertising efforts, including on its Internet website, <www.nulaid.com>.

15. On October 31, 2016, Defendant filed an Intent-To-Use ("ITU") trademark application to register READY EGG GO!, U.S. Trademark Application Serial No. 87/221,655. Defendant's said application was filed on an intent-to-use ("ITU") basis because Defendant had apparently not used the designation as of October, 2016, when it filed its trademark application.

16. Defendant did not advise the Trademark Office of Nulaid's REDDI-EGG® trademark when Defendant filed its intent-to-use application for READY EGG GO!, and Defendant never brought Nulaid's prior incontestible registration to the attention of the Trademark Office.

17. Plaintiff is the senior user of REDDI-EGG®.

18. Defendant knew or should have known of Plaintiff's REDDI-EGG® mark and registration when it applied to register READY EGG GO!.

Complaint    3

1    19.    Defendant's READY EGG GO! designation is identical to Plaintiff's registered REDDI-EGG® trademark, except for the addition of the descriptor "GO!", indicating to consumers that it is a take-out or "to go" version of Plaintiff's REDDI-EGG®.

    20.    Defendant's misappropriation of Plaintiff's federally registered trademark to identify and advertise Defendant's competing egg products is a clear violation of Plaintiff's trademark rights.

    21.    Defendant's use and/or intended use of the READY EGG GO! designation is likely to cause consumer confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, and as to the origin, sponsorship, or approval of Defendant's products by Plaintiff.

    22.    Upon information and belief, Defendant intends to use and/or is using its infringing READY EGG GO! designation and this has caused, and unless restrained and enjoined by this Court, will continue to cause, irreparable harm, damage and injury to Plaintiff, including injury to its reputation and goodwill, and lost sales, lost customers, and lost business opportunities.

    23.    Defendant's junior use of READY EGG GO! creates a likelihood of confusion with and is an infringement of Plaintiff's incontestible REDDI-EGG® trademark.

    24.    On May 23, 2017, Plaintiff wrote to Defendant advising Defendant of Plaintiff's incontestible trademark rights and demanding that Defendant cease and desist form infringing Plaintiff's trademark rights. In a written response dated June 12, 2017, Defendant refused to cease and desist its infringement and unfair competition.

    25.    Defendant's acts of infringement and unfair competition as alleged are willful, malicious, oppressive and in conscious disregard of Plaintiff's rights such that this is an exceptional case entitling Plaintiff to an award of reasonable attorney's fees and treble damages as provided by law.

    26.    Plaintiff has no adequate remedy at law.

Complaint                                 4

## SECOND CAUSE OF ACTION
### (False Designation Of Origin)

27. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

28. This is a cause of action for violations of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

29. Plaintiff manufactures, markets and sells whole eggs and egg products to consumers under Plaintiff's name and trademark REDDI-EGG®

30. Plaintiff has used its REDDI-EGG® trademark in interstate commerce for a period of fifty (50) years and Nulaid's's sales of the product have been highly successful.

31. Plaintiff uses its REDDI-EGG® mark throughout the United States through its marketing and advertising efforts and on its Internet website, <www.nulaid.com>

32. Defendant manufactures, markets and sells egg products using the confusingly similar designation READY EGG GO!.

33. Upon information and belief, Defendant uses the infringing READY EGG GO! designation in California and throughout the United States through its marketing and advertising efforts, including on the Internet, on its product packages, and through in-store advertisements, product displays, and customer receipts.

34. Defendant's misappropriation of Plaintiff's trademark to identify and advertise Defendant's directly competing egg products is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, and as to the origin, sponsorship, or approval of Defendant's products by Plaintiff.

35. Defendant's use of READY EGG GO!, and colorable imitations thereof, in advertising, promoting offering for sale or selling Defendant's egg products constitutes a false designation or origin, false and misleading descriptions of fact, and false and misleading representations of fact in violation of Section 43(a) of the Lanham Trademark Act of 1946, 15 U.S.C. §1125(a), and constitutes a form of unfair competition prohibited by federal law.

36. By their acts, Defendant has caused, and unless restrained and enjoined by this Court, will continue to cause, irreparable harm, damage and injury to Plaintiff, including injury to its reputation and goodwill, and, upon information and belief, lost sales, lost customers, and lost business opportunities.

37. Defendant's appropriation and continuing infringement of Plaintiff's REDDI-EGG® trademark is willful, malicious, oppressive and in conscious disregard of Plaintiff's rights such that this is an exceptional case entitling Plaintiff to an award of reasonable attorney's fees and treble damages as provide by law.

38. Plaintiff has no adequate remedy at law.

**THIRD CAUSE OF ACTION**
**(Trademark Infringement/California Common Law)**

39. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if the same were fully set forth herein.

40. This claim is for trademark infringement at common law.

41. The acts of Defendant in willfully adopting and using a mark confusingly similar to Plaintiff's REDDI-EGG® trademark as above pleaded constitutes infringement of Plaintiff's common law rights in and to its REDDI-EGG® trademark.

42. Plaintiff has no adequate remedy at law.

**FOURTH CAUSE OF ACTION**
**(Common Law Unfair Competition)**

43. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if the same were fully set forth herein.

44. This is a claim for unfair competition at common law.

45. The wrongful conduct of Defendant in misappropriating Plaintiff's REDDI-EGG® trademark and using Plaintiff's mark in advertising materials constitutes unprivileged imitation

Complaint                                    6

and palming or passing off of Defendant's products as being sponsored, affiliated or associated with Plaintiff which creates a likelihood of confusion and mistake in the minds of the public as to the source of Defendant's products and further creates the false impression that Plaintiff is responsible for the nature and quality of Defendant's products.

46. Defendant's wrongful conduct as alleged herein has the effect of injuring Plaintiff in connection with the sale of Plaintiff's products, and has the further effect of materially diluting the reputation of Plaintiff and damaging Plaintiff's goodwill associated with Plaintiff's products which has been created by the substantial efforts and expenditures of Plaintiff.

47. Defendant has unfairly competed with Plaintiff by the acts complained of, has done so intentionally, and has caused irreparable harm. Unless Defendant is restrained by the Court, Defendant will continue to cause irreparable harm, damage, and injury to Plaintiff, including its reputation and goodwill.

48. Defendant's unfair competition with Plaintiff was willful, malicious, oppressive, and in conscious disregard of Plaintiff's rights, and Plaintiff therefore requests that punitive damages are assessed against Defendant in an amount to be established at trial.

49. Plaintiff has no adequate remedy at law.

### FIFTH CAUSE OF ACTION
### (Unfair Competition Under California Business And Professions Code §17200)

50. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

51. Defendant's conduct as above pleaded constitutes unfair competition in violation of Section 17200 et seq. of the California Business and Professions Code, all to the damage of Plaintiff as previously alleged.

52. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

1. For temporary, preliminary and permanent injunctions enjoining Defendant from (a) using READY EGG GO! and any confusingly similar or colorable variation thereof; (b) falsely marketing, selling, offering for sale, distributing, advertising, licensing or otherwise disposing of any products, advertisements, packaging, customer receipts or products, including, without limitation, Defendant's egg product using or otherwise incorporating Plaintiff's REDDI-EGG® trademark ; (c) engaging in any false or misleading advertising which may, or is likely to, lead the trade or public to believe that any product provided, distributed, or sold by Defendant is in any manner associated with Plaintiff, or is sold, manufactured, licensed, sponsored, approved, or authorized by Plaintiff, or which falsely describes the nature, quality or origin of Plaintiff's products; and (d) assisting, aiding or abetting any other person or business entity from engaging or performing any of the activities referred to in sub paragraphs (a) through (c) above.

2. That Defendant, and all those in privity or concert with it who receive actual notice of this order, deliver up to Plaintiff all materials, including the infringing egg products, all catalogs, prints, packages, promotional and advertising material, in their possession or under their control which bear thereon Defendant's infringing and unfairly competing designation, or any confusing variations thereof, or any appearance or simulation, reproduction, counterfeit copy or colorable imitation thereof.

3. For an award of Plaintiff's lost profits and compensatory damages according to proof.

4. For an award of additional compensatory damages to compensate Plaintiff for corrective advertising.

5. For an award of any additional profits of Defendant resulting from Defendant's wrongful activities as alleged herein.

6. For an award of enhanced damages for Defendant's trademark infringement, false designations of origin and acts of unfair competition.

Complaint                                  8

7. For punitive damages according to proof.

8. For costs and reasonable attorneys' fees as provided by law.

9. For prejudgment and post judgment interest; and

10. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff respectfully demands trial by jury of all issues in this case.

Respectfully submitted,

Dated: July 28, 2017

/s/Michael James Cronen
Michael James Cronen, Esq.
Attorney for Plaintiff
Nulaid Foods, Inc.

Complaint   9